# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES HUMES, an individual; and DIANE ABELLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST STUDENT, INC., and DOES 1 through 100, inclusive,<br><br>Defendants.<br>_____/ | Case No. 1:15-cv-01861-BAM<br><br>**ORDER ON DEFENDANT FIRST STUDENT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Doc. 16) |

Plaintiff Delores Humes and Diane Abella ("Plaintiffs"), individually and on behalf of all others similarly situated, filed a class action complaint against Defendant First Student, Inc. and various Doe defendants in Fresno County Superior Court on October 28, 2015. The matter was removed to this Court on December 11, 2015.[1]

Presently before the Court is a motion for partial summary judgment brought by Defendant First Student, Inc. ("First Student"). Doc. 16. Plaintiffs opposed the motion on September 23, 2016, and First Student replied on September 30, 2016. The Court heard oral argument on October 7, 2016. Counsel Armand Kizirian appeared on behalf of Plaintiffs Delores Humes and Diane Abella. Counsel David Dow appeared on behalf of Defendant First Student. Having considered the moving, opposition and reply papers and the parties' arguments, First Student's motion for partial summary judgment

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. Docs. 13, 14. For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. Doc. 15.

shall be GRANTED.

## I. Motion for Partial Summary Judgment

### A. Background[2]

#### 1. The *Tyrer* Lawsuit.

On April 12, 2011, James Tyrer, Jr. ("*Tyrer* Plaintiff") filed a class action complaint in the Superior Court of the State of California, County of Los Angeles-Central District, Case Number BC459305 ("*Tyrer* Original Complaint"), which alleged the following causes of action: (1) failure to pay minimum wage (Cal. Labor Code §§ 1194, 1194.2, 1198); (2) failure to furnish wage and hour statements (Cal. Labor Code § 226); (3) waiting time penalties (Cal. Labor Code § 203); (4) unfair competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL")); and (5) breach of oral contract.[3] Doc 16-2 (Joint Statement of Undisputed Facts ("JSUF") 1). The *Tyrer* Plaintiff sought to represent a class defined as: "Plaintiff and all other persons who were employed by Defendants, or any of them, as school bus drivers in the State of California at any time from April 12, 2007, and continuing while this action is pending (the 'Class Period')." JSUF 2. The claims in the *Tyrer* Complaint were premised on the alleged failure to pay drivers for all hours of work. JSUF 3.

On May 21, 2012, the *Tyrer* Plaintiff filed a First Amended Complaint adding Heather Fierro as a class representative and adding claims for (1) willful failure to pay regular wage (Cal. Labor Code §§ 201, 202, 203); (2) failure to pay wages when due (Cal. Labor Code § 2014); and (3) PAGA penalties (Cal. Labor Code § 2699). JSUF 4. In the First Amended Complaint, the *Tyrer* Plaintiffs sought to represent a class defined as: "Plaintiffs and all other persons who were employed by Defendants, or any of them, as school bus drivers in the State of California at any time from April 12,

---

[2] The facts detailed here are derived from the Joint Statement of Undisputed Facts, and construed in the light most favorable to Plaintiffs. *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). While not all of the facts are considered material, they provide a background of the events. Material disputed and undisputed facts are discussed in detail where relevant to the Court's analysis.

[3] First Student requests that the Court take judicial notice of certain documents filed in *James Tyrer, Jr., et al. v. First Student, Inc.*, Case No. BC459305, Superior Court of the State of California, County of Los Angeles-Central District, including the Complaint, First Amended Complaint, Notice of Entry of Court Order and Order Amending the June 25, 2014 Class Certification Order to Deny Plaintiff's Motion for Class Certification with Prejudice with Respect to the Non-Certified Locations and Claims. Doc. 16-4 and Exs. A-D. The Court may take judicial notice of proceedings in other courts, both within and without the federal judicial system. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); Fed. R. Evid. 201. Accordingly, First Student's request for judicial notice is HEREBY GRANTED. As the Court did not rely on any additional documents contained in Plaintiffs' request for judicial notice or First Student's supplemental request for judicial notice, those requests are HEREBY DENIED.

2

2007, and continuing while this action is pending (the 'Class Period')." JSUF 5. The claims in the *Tyrer* First Amended Complaint were premised on the alleged failure to pay drivers for all hours of work. JSUF 6.

On June 25, 2014, the *Tyrer* Court granted, in part, and denied, in part, the *Tyrer* Plaintiffs' motion for class certification, certifying a class of school bus drivers limited to First Student's Riverside and Corona yards on claims relating to the alleged failure to pay for all hours of work. JSUF 7. The *Tyrer* Court denied class certification as to all yards in California other than the Corona and Riverside yards. JSUF 8. The *Tyrer* Court initially denied class certification to locations other than Corona and Riverside without prejudice. JSUF 9. Subsequently, the *Tyrer* Court amended its Final Ruling to deny Plaintiffs' Motion for Class Certification with prejudice "as to the non-certified locations and non-certified claims." *See* Doc. 16-4, Ex. D to First Student's Request for Judicial Notice.

### 2. The *Humes* Lawsuit

On October 28, 2015, Plaintiffs filed the instant class action complaint against First Student. ("*Humes* Complaint"). The *Humes* Complaint asserts the following causes of action: (1) willful failure to pay regular wages (Cal. Labor Code §§ 201, 202, 203); (2) failure to pay wages within time allowed (Cal. Labor Code § 204); (3) failure to pay minimum wage (Cal. Labor Code §§ 1194, 1194.2, 1198); (4) failure to furnish accurate wage and hour statements (Cal. Labor Code § 226); (5) unfair business practices (Bus. & Prof. Code §§ 17200, *et seq*. ("UCL")); and (6) breach of oral contract. JSUF 10. The Complaint seeks to represent a class defined as: "Plaintiffs and all other persons who were employed by Defendants, or any of them, as school bus drivers out of any of Defendants' Fresno, California yard in the State of California at any time from November 19, 2007, and continuing while this action is pending ('the Class Period')." JSUF 11. The claims in the *Humes* Complaint are premised on the alleged failure to pay drivers for all hours of work. JSUF 12. The *Humes* Complaint seeks to rely upon tolling of the statute of limitations based on the *Tyrer* lawsuit to extend the class period back to November 19, 2007. JSUF 13.

### B. Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any

affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id*. (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id*.

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the

[nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

### C. Discussion

First Student now contends that Plaintiffs are attempting to extend the putative class period by approximately four years—essentially doubling the purported class period and extending the statute of limitations to span an eight year period. Doc. 16-1 at p. 7. By the instant motion for partial summary judgment, First Student requests that this Court issue an order limiting the proposed putative class period in the instant lawsuit to the four years preceding the filing of the complaint.

#### 1. Plaintiffs' Claims For Failure To Pay Wages Are Subject To A Four Year Statute Of Limitations

The parties do not dispute that as a result of the inclusion of claims under the California Business and Professions Code, Plaintiffs' claims for unpaid wages are subject to a four year statute of limitations. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) ("Any action on *any* UCL [§ 17200] cause of action is subject to the four-year period of limitations created by that section."); *Sarkizi v. Graham Packaging Co.*, 2014 WL 6090417, at *7 (E.D. Cal. Nov. 13, 2014) ("The statute of limitations for a UCL cause of action is four years" and the limitations period "always applies to UCL claims, even if a predicate statutory violation has a shorter limitations period."); Doc. 16-1 at p. 8; Doc. 21 at p. 9. The parties also do not dispute that for claims of unpaid wages, each payroll period represents a separate cause of action subject to a new statute of limitations period. *See Jones v. Tracy Sch. Dist.*, 27 Cal.3d 99, 105 (1980); Doc. 16-1 at p. 8; Doc. 21 at p. 9.

In this case, Plaintiffs filed their complaint on October 28, 2015. *See Humes* Complaint. First Student therefore contends that absent tolling, the four year statute of limitations bars all class claims for unpaid wages accruing prior to October 28, 2011. Doc. 16-1 at p. 8. Plaintiffs counter, however, that the statute of limitations was tolled by the filing of the prior class action—the *Tyrer* lawsuit. Doc. 21 at pp. 9, 15.

5

### 2. Tolling From The *Tyrer* Lawsuit Does Not Apply To The Class Claims

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554*; see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) (same).  In reaching this holding, the Supreme Court noted that "at least where class action status has been denied solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable, the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."  *Id.* at 552-53.  In other words, the Supreme Court determined in *American Pipe* that the filing of a class action "tolled the statute of limitations for all plaintiffs who filed timely motions to intervene." *Kreek v. v. Wells Fargo & Co.*, 652 F.Supp.2d 1053, 1060 (N.D. Cal. 2009).  In *Crown, Cork & Seal*, the Supreme Court subsequently extended *American Pipe* tolling "to all asserted members of the class who sought to file new but individual actions following a denial of class certification—not just to intervenors in the original class proceeding." *Id.*; *Crown, Cork & Seal*, 462 U.S. at 350.

Notably, the Supreme Court's decisions in *American Pipe* and *Crown, Cork & Seal* both related to permissible tolling as to a class member's individual claims, not the applicability of tolling to subsequent class claims, such as those presented here, following the denial of class certification. However, the Ninth Circuit, in *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987), considered whether the tolling doctrines of *American Pipe* and *Crown, Cork & Seal* should be extended to include class members who file subsequent class actions.  835 F.2d at 214.  The Ninth Circuit found that the tolling doctrine should not be extended to the subsequently filed class action, but allowed the individual action to go forward.  *Id.*

In *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d 1139 (9th Cir. 2000), the Ninth Circuit also considered whether *American Pipe* tolling applies to subsequent class claims following denial of class certification.  Although the Ninth Circuit permitted tolling in a narrow instance, it reiterated its position that the filing of an earlier class action does not toll the statute of limitations when the second

6

action is no more than an attempt to relitigate the correctness of the earlier class certification decision. 232 F.3d at 1147. The Ninth Circuit affirmed that tolling does not apply when plaintiffs are "attempting to relitigate an earlier denial of class certification, or to correct a procedural deficiency in an earlier would-be class." 232 F.3d at 1149; *see also Kreek*, 652 F.Supp.2d at 1060-61 (noting that *Catholic Social Services* "was careful to reiterate its holding that *American Pipe* tolling does not apply when the plaintiffs are attempting to relitigate an earlier denial of class certification or to correct a procedural deficiency); *In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1101–02 (N.D. Cal. 2007) ("[T]he Ninth Circuit has thus far applied class tolling in situations where plaintiffs in the subsequently filed class action have opted out of an earlier certified class, or where plaintiffs are not seeking to circumvent an earlier denial of class certification, or to otherwise correct procedural deficiencies that formed the basis for such a denial.").

As Plaintiffs point out, some courts also have applied tolling to subsequent class claims where class certification was denied in a previous class action lawsuit due to the inadequacy of the class representative. *See*, *e.g.*, *Falk v. Children's Hospital Los* Angeles, 237 Cal.App.4th 1454 (2015) (applying tolling "if class certification is denied in the earlier action based solely on Rule 23 deficiencies in the putative class representative-and not on Rule 23 deficiencies in the class itself"); *Sawyer v. Atlas Heating and Sheet Metal Works, Inc.*, 642 F.3d 560, 564 (7th Cir. 2011) ("If, after concluding that the plaintiff would be an adequate representative of the class, the court denies certification for a reason that would be equally applicable to any later suit. . . then members of the asserted class are bound by that decision."). Based on these authorities, Plaintiffs argue that the certification of the Fresno yard in the *Tyrer* lawsuit was "denied solely for lack of an adequate class representative" and thus Plaintiffs and the putative class members can benefit from tolling in this action.[4] Doc. 21 at p. 11.

Although First Student admits that some courts have held that the denial of class certification

---

[4] *Falk*, however, is distinguishable. In that case, the plaintiff's *individual* claims were adjudicated in a summary judgment motion, prior to any motion for class certification in the case. The motion was granted and left the potential class members without any class representative. That is not what happened in the *Tyrer* case. In *Tyrer*, the court ruled on the merits of the class certification motion – and did not leave the class without a representative. As discussed *infra*, the Court in fact found the representative was adequate, but found that plaintiffs had not carried their burden of proof as to any yard other than two yards where the representative had worked. As to the *Sawyer* case cited by plaintiffs, the Court does not find out of District and Circuit authority persuasive in light of the in-state and in-Circuit authority cited by the parties.

based on the inadequacy of the class representative in an earlier lawsuit permits tolling of the statute of limitations in a subsequent class action, First Student disputes whether state-wide class certification was denied in *Tyrer* due to the inadequacy of the class representative. Doc. 22 at pp. 2-3. Instead, First Student contends that "it was defects in the proposed class and not the adequacy of the class representative that led to the denial of state-wide class certification in *Tyrer*" and therefore "tolling of the statute of limitations on Plaintiffs' class claims does not apply." Doc. 22 at p. 4.

According to the undisputed facts, the *Tyrer* Court found co-plaintiff Heather Fierro to be "an adequate class representative," but denied state-wide class certification and limited class certification to the "two yards where plaintiff Fierro worked." *See* Final Ruling at p. 2; Doc. 22-1 at pp. 2-3. In particular, the *Tyrer* Court denied class certification to all yards in California other than the Corona and Riverside yards on the grounds that the claims lacked commonality, lacked typicality, and a class action was not a superior method to adjudicate these claims. *See* JSUF 8; Doc. 16-4, Ex. C to First Student's Request for Judicial Notice ("Final Ruling"); Doc. 21-1 at p. 2. In denying state-wide class certification, the Court found that "the requested class of 8,000 persons at all 36 or 37 yards spread throughout the state would not be manageable." *See* Final Ruling at p. 2; Doc. 21-1 at 2. With regard to typicality, the Court determined the moving parties had "failed to show by competent, persuasive evidence that the claims of Fierro are sufficiently typical of the claims of other employees who worked at other yards, and for this reason the class to be certified will be limited to employees working at the Riverside and Corona, California yards." *See* Final Ruling at p. 2; Doc. 21-1 at 2. With regard to commonality, the *Tyrer* Court concluded that plaintiffs had

> failed to show by persuasive evidence that the claims of all 8,000 putative class members working in 36 or 37 different yards spread throughout California and spanning over five years of time have sufficient commonality and that litigating such claims on a class basis would be superior to letting such claims arise on an individual basis or on the basis of some separate and independent class claim which is separate and apart from the named class representative claims presently before this Court.

*See* Final Ruling at p. 3.

As noted, Plaintiffs attempt to raise a genuine dispute of fact by arguing that *Tyrer* was not certified as a class action as to First Student's Fresno yard because the *Tyrer* class representative never

1 worked in Fresno, thereby making her an inadequate class representative.[5] Doc. 21 at p. 11.

2 Plaintiffs' argument is not persuasive nor does it raise a genuine dispute of fact. In its ruling, the *Tyrer* Court expressly found that Fierro was an adequate class representative. The *Tyrer* Court also made clear that the moving plaintiffs had failed to establish not only typicality with respect to Fierro on state-wide basis, but also that the moving plaintiffs had failed to establish manageability of the state-wide class or "sufficient commonality" between class members working in different yards. Indeed, the *Tyrer* Court found that there was "quite a bit of uniqueness to how each yard operates compared to another yard" and that the moving parties had shown only that commonality existed "when claims are limited to the two yards where plaintiff Fierro worked." *See* Final Ruling at p. 3. Even then, the Court noted that within those two yards, there was sufficient commonality "to litigate some but not all of the proposed class claims on a class basis." *See* Final Ruling at p. 3.

Plaintiffs' current efforts to certify a class with respect to the Fresno yard alone appear to be an attempt to fix the commonality deficiencies identified by the *Tyrer* Court, which led to the denial of state-wide class certification. In sum, the instant action is an attempt to relitigate, in part, the denial of class certification and to correct deficiencies noted in the *Tyrer* lawsuit. For that reason, the Court finds that *American Pipe* tolling does not apply and the class period at issue should be limited to the time period after October 28, 2011.

///
///
///
///
///
///
///
///

---

[5] Plaintiffs alternatively argue that the *Tyrer* decision raises an issue of fact. Doc. 21 p. 8 n.2. Plaintiff argues that that there is an issue of fact "whether the denial of class certification for Defendant's yards, including the Fresno yard at issue, was based on lack of commonality or whether plaintiff was an inadequate class representative." *Id.* Plaintiffs do not address how the interpretation of a prior court's decision is a factual issue for a jury's consideration. Interpretation of legal decisions is a matter of law, not one for a jury.

**CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Defendant First Student, Inc.'s motion for partial summary judgment, filed on August 15, 2016, is GRANTED; and

2. The proposed class period shall be limited to the time period after October 28, 2011.

IT IS SO ORDERED.

    Dated: __**October 11, 2016**__                      /s/ *Barbara A. McAuliffe* _
                                                               UNITED STATES MAGISTRATE JUDGE