UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES HUMES, an individual, DIANE ABELLA, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST STUDENT, INC., an entity; and Does 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 1:15-CV-01861-BAM<br><br>Assigned to: Hon. Barbara A. McAuliffe<br><br>**ORDER:**<br><br>**(1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;**<br><br>**(2) APPROVING CLASS NOTICE;**<br><br>**(3) APPOINTING SETTLEMENT ADMINISTRATOR; AND,**<br><br>**(4) SCHEDULING FINAL APPROVAL HEARING** |

On December 6, 2019, a hearing was held on the motion of Plaintiffs Delores Humes and Diane Abella ("Plaintiffs") for preliminary approval of the proposed settlement ("Settlement") with Defendant First Student, Inc. ("Defendant"), approval of the notice to be sent to the class about the settlement, and the setting of a date for the hearing on final approval of the settlement.

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

**IT IS ORDERED:**

1. The Court has jurisdiction over this action and the Parties' proposed settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

2. Pursuant to the Class Action Settlement Agreement ("Agreement") (Doc. 66-1, Declaration of Carol L. Gillam, Exhibit "1"), the Settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

3. Under Rule 23(e), the Court may approve a class settlement only upon finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To determine whether a proposed settlement meets these standards, the Court must evaluate a number of factors, including:

> (1) the strength of the plaintiffs' case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the risk of maintaining class action status throughout the trial;
> (4) the amount offered in settlement;
> (5) the extent of discovery completed and the stage of the proceedings;
> (6) the experience and views of counsel;
> (7) the presence of a governmental participant; and
> (8) the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citations omitted); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors are not exclusive, and in some circumstances, one factor may deserve

- 1 -

more weight than others or alone may even prove to be determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). In addition, the settlement may not be the product of collusion among the negotiating parties. *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 997 (9th Cir. 1985); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Given that some of these factors cannot be fully assessed until the Court conducts the Final Approval Hearing, a full fairness analysis is unnecessary at this stage. *Singer v. Becton Dickinson and Co.*, 2009 WL 4809646, at *7 (S.D. Cal. 2009) (citation and quotations omitted). "Rather, at the preliminary approval stage, the Court need only review the parties' proposed settlement to determine whether it is within the permissible range of possible judicial approval and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate." *Id.* (citations and quotations omitted). All of the factors considered for class settlement approval support the preliminary approval of the Settlement:

    a.    **The Strength of the Plaintiffs' Case**. Under California law, non-exempt employees are entitled to complete and accurate wage statements. Here, one of the defenses to the wage statement claim was that Defendant complied with the Labor Code and issued accurate and complete wage statements. Given the above uncertainties, this factor weighs in favor of granting preliminary approval of the Settlement.

    b.    **The Risk, Expense, Complexity, and Likely Duration of Further Litigation**. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526. Here, the Parties have indicated a clear intention and desire to resolve this matter and continued litigation would prove to be

- 2 -

expensive for both sides. The Parties acknowledge that litigating and trying this action may have led to possible appeals. This factor weighs in favor of preliminary approval.

c. **The Risk of Maintaining Class Action Status**. Plaintiff also argues that there was risk that they would not have been able to maintain class certification through trial. Class certification in this action was disputed by Defendant. This factor weighs in favor of preliminary approval of the Settlement.

d. **The Amount Offered in Settlement**. When analyzing the amount offered in settlement, the Court should examine "the complete package taken as a whole, rather than the individual component parts" to determine whether the proposal is fair. *Officers for Justice*, 688 F.2d at 628. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)). "[T]he very essence of a settlement is compromise." *Linney*, 151 F.3d at 1242 (citation omitted). The settlement of $650,000 is non-reversionary and compares favorably to the value of the claims being settled. Accordingly, the Court finds the amount offered in settlement weighs in favor of granting preliminary approval of the Settlement.

e. **The Extent of Discovery Completed and the Stage of the Proceedings**. The proposed settlement in this case was reached after the Parties engaged in discovery and Plaintiffs had obtained class certification as to their wage statement claim. Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient

information to evaluate the case and make an informed decision about settlement. Accordingly, the Court finds that this factor supports preliminary approval of the Settlement.

  f. **The Experience and Views of Counsel**. Class Counsel is of the opinion that the settlement is fair, reasonable, and adequate and is in the best interests of the class. The settlement was negotiated and approved by experienced counsel on both sides of the Action. Accordingly, this factor weighs in final of preliminary approval.

  g. **The Presence of a Governmental Participant**. This factor does not weigh in the Court's analysis at this time.

  h. **The Reaction of the Class Members to the Proposed Settlement**. The reaction of the class members to the proposed settlement cannot be evaluated at this time. This factor will be appropriate for consideration at the hearing for final approval of the Settlement.

4. The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the Parties, and such notice is the best notice practicable. The Notice of Proposed Settlement of Class Action, and Hearing Date for Final Court Approval ("Class Notice") attached to the Agreement as Exhibit A, sufficiently informs Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive an Settlement Share or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved. However, as discussed at the December 6, 2019 hearing on this matter, the Parties shall meet and confer to streamline language in the Class Notice regarding the background of this action.

5. Any Class Member who does not submit a valid request for exclusion will receive a Settlement Share based upon the allocation formula in the Agreement.

6. Any Class Member who wishes to comment on or object to the Settlement, the attorneys' fees and costs, and/or the proposed Class Representative Service Payment, or who elects not to participate in the Settlement has until 45 days after the mailing of the Class Notice to postmark his or her comment, objection, or request for exclusion in Settlement pursuant to the procedures set forth in the Class Notice. Class Counsel must file their application for the attorneys' fees and costs no later than 14 days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing

7. Simpluris is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

8. Plaintiffs Delores Humes and Diane Abella are appointed to serve as Class Representatives.

9. Carol Gillam of The Gillam Law Firm, Armand Kizirian and Michael Boyamian of Boyamian Law, Inc. and Thomas W. Falvey of the Law Offices of Thomas W. Falvey are appointed to serve as Class Counsel.

10. The Class Notice will be disseminated according to the notice plan described in the Agreement and substantially in the form submitted by the Parties. Proof of distribution of Class Notice will be filed by the Parties prior to the final approval hearing.

11. Defendant is directed to provide the Settlement Administrator the Class Data as specified by the Agreement no later than 15 days after the date of this order.

12. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members no later than 15 days after receipt of the Class Data.

13. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), within ten days of the Parties' filing of the Motion for Preliminary Approval, the Defendant caused the mailing of the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a Class Member reportedly resides at the time of CAFA Notice according to Defendant's records. If Defendant later learns that a Class Member resides in a state other than the state noted in Defendant's records, Defendant will provide or supplement the CAFA Notice to the appropriate state official in each state where a Class Member is then-found to reside. Accordingly, the Court finds that Defendant has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

14. A final hearing will be held on **April 2, 2020, at 9:00 a.m.**, in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the request for approval of attorneys' fees and costs and for approval of the Class Representative Service Payment. Class Members and their counsel may support or oppose the Settlement and the motion for an award of attorneys' fees and costs and the Class Representative Service Payment, if they so desire, as set forth in the Class Notice.

15. Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement, or object to the motion for an award of attorneys' fees and costs and the Class Representative Service Payment. For any comments or objections to be considered at the hearing, the Class Member must timely submit a written objection and describe the nature of the Class Member's comments, support or objection. Comments or objections to the Settlement or to the attorneys' fees and costs must be submitted to the Settlement Administrator not later than 45 days after mailing of

the Class Notice.

16. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

IT IS SO ORDERED.

Dated: __**December 13, 2019**__     ____/s/ *Barbara A. McAuliffe*____
                                    UNITED STATES MAGISTRATE JUDGE