UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORES HUMES, an individual, DIANE ABELLA, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST STUDENT, INC., an entity; and Does 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 1:15-CV-01861-BAM<br><br>Assigned to: Hon. Barbara A. McAuliffe<br><br>**ORDER:**<br><br>**(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT; AND**<br><br>**(2) ENTERING FINAL JUDGMENT** |

On April 2, 2020, a hearing was held on the motion of Plaintiffs Delores Humes and Diane Abella ("Plaintiffs") for final approval of their class settlement (the "Settlement") with Defendant First Student, Inc. ("Defendant"), and payments to the Plaintiffs, Class Counsel and the Settlement Administrator.

The Parties have submitted their Settlement, which this Court preliminarily approved by its December 13, 2019 Order (Docket No. 71) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order and Judgment adopts all defined terms set forth in the Class Action Settlement Agreement ("Agreement").

2. The Court has jurisdiction over this action and the Settlement pursuant to 28 U.S.C. sections 1132(a) and 1332(d).

3. For settlement purposes, the Court confirms the certification of the Class defined as: "non-exempt employees of Defendant who were employed as drivers at Defendant's Fresno, California location from October 28, 2014 to November 27, 2016."

4. Pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") was sent to each Class Member by first-class mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a

- 1 -

Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after Plaintiffs' motion seeking preliminary approval of the Settlement was filed in court, Defendant discharged its obligations under CAFA to provide notice to the appropriate federal and state officials. The notice of Settlement also invited comment on the Settlement. This Final Approval Order is not being issued earlier than ninety days after the later of the dates on which the appropriate federal and state officials were served with the notice of the Settlement. Accordingly, the requirements under CAFA to provide notice to the appropriate federal and state officials have been satisfied.

7. No Class Members filed written objections to the proposed settlement as part of this notice process.

8. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

9. The Court finds and determines that the Gross Settlement Amount in the amount of $650,000 and the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement.

10. The Court finds and determines that the fees and expenses of Simpluris, Inc. in administrating the settlement, in the amount of $8,999.00, are fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

11. The Court finds and determines that the request by Plaintiff and Class Counsel to the Class Representative Service Payment and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable. The Court hereby grants final approval to and orders that the payment of $7,500.00 to Delores Humes and $5,000.00 to Diane Abella for their Class Representative Service Payments, $216,666.66 for attorneys' fees to Class Counsel, and $49,566.73 for reimbursement of costs be paid out of the Gross Settlement Amount in accordance with the Settlement.

12. As of the Effective Date as defined in the Agreement, all Participating Class Members hereby fully and finally release the Defendant and the Released Parties (as defined in the Agreement), from any and all state and federal statutory, regulatory and common law claims for failure to issue complete and accurate wage statements, up to November 27, 2016, which were alleged, or could have been alleged, in the original Complaint or any amended Complaint filed in the Action. The Released Class Claims include, but are not limited to, claims for failure to issue complete and accurate wage statements and any and all derivative claims based thereon, including but not limited to, all claims for damages and penalties.

13. As of the Effective Date, Plaintiffs hereby fully and finally release the Defendant and the Released Parties (as defined in the Agreement) from the Plaintiffs' Released Claims (as defined in the Agreement).

14. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

15. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action

16. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendant.

17. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

18. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

*///*

*///*

*///*

///

19. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and this Order.

IT IS SO ORDERED.

Dated: **April 3, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE